Rodeen Talebi (CA SBN 320392)
FISH & RICHARDSON P.C.
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Telephone: (213) 533-4240
Facsimile: (858) 678-5099
Email: talebi@fr.com

Neil J. McNabnay (*pro hac vice* forthcoming)
Ricardo J. Bonilla (*pro hac vice* forthcoming)
Collin Marshall (*pro hac vice* forthcoming*)*
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091
mcnabnay@fr.com
rbonilla@fr.com
marshall@fr.com

Attorneys for Defendant
ClientPoint, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DIGITAL VERIFICATION SYSTEMS, LLC,**<br><br>           Plaintiff,<br>    v.<br><br>**CLIENTPOINT, INC.,**<br><br>           Defendant. | **CIVIL ACTION NO. 3:21-CV-01420-BAS-DEB**<br><br>**JURY TRIAL DEMANDED**<br><br>**PATENT CASE** |

## CLIENTPOINT, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendant ClientPoint, Inc. ("ClientPoint") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Digital Verification Systems, LLC's ("Plaintiff's") Complaint ("Complaint"). ClientPoint denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

## PARTIES AND JURISDICTION

1. ClientPoint admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

2. ClientPoint admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. ClientPoint is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, on that basis, denies all such allegations.

4. ClientPoint admits that it is a Delaware corporation with its principal office located at 6790 Embarcadero Lane, Suite 100, Carlsbad, CA 92011, and that it may be served through its registered agent, Laurence Abrams at 837 4th Street, Encinitas, CA 92024. ClientPoint denies it has committed or is committing acts of infringement within this district or elsewhere and, on that basis, denies the remaining allegations of Paragraph 4 of the Complaint

5. ClientPoint does not contest whether the Court has personal jurisdiction over it in this case. ClientPoint admits that it conducts business in the State of California. ClientPoint denies it has committed or is committing acts of infringement within this district or elsewhere and, on that basis, denies the remaining allegations of Paragraph 5 of the Complaint.

---

[1] For avoidance of doubt, ClientPoint denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

6. ClientPoint denies that it has committed or is committing acts of infringement within this district or elsewhere and, on that basis, denies the allegations of Paragraph 6 of the Complaint.

## VENUE

7. ClientPoint does not contest whether venue is proper in this case, but denies that venue is convenient.

## COUNT I

## (ALLEGED) INFRINGEMENT OF UNITED STATES PATENT NO. 9,054,860

8. ClientPoint incorporates paragraphs 1 through 7 herein by reference.

9. ClientPoint admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. §§ 271, *et seq*.

10. ClientPoint is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, on that basis, denies all such allegations.

11. ClientPoint admits that a purported copy of U.S. Patent No. 9,054,860 (the "'860 Patent") is attached to the Complaint as Exhibit A and that the face of that patent indicates that it is entitled "Digital Verified Identification System and Method."

12. ClientPoint denies the allegations in Paragraph 12 of the Complaint.

13. ClientPoint denies the allegations in Paragraph 13 of the Complaint.

14. ClientPoint denies the allegations in Paragraph 14 of the Complaint.

15. ClientPoint denies the allegations in Paragraph 15 of the Complaint.

16. ClientPoint denies the allegations in Paragraph 16 of the Complaint.

17. ClientPoint denies the allegations in Paragraph 17 of the Complaint.

18. ClientPoint denies the allegations in Paragraph 18 of the Complaint.

19. ClientPoint denies the allegations in Paragraph 19 of the Complaint.

20. ClientPoint denies the allegations in Paragraph 20 of the Complaint.

21. ClientPoint denies the allegations in Paragraph 21 of the Complaint.

22. ClientPoint is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and, on that basis, denies all such allegations.

## [PLAINTIFF'S] PRAYER FOR RELIEF

ClientPoint denies the Plaintiff is entitled to any relief from ClientPoint and denies all the allegations contained in Paragraphs A-E (including any subparts) of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

ClientPoint's Affirmative Defenses are listed below. ClientPoint reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

ClientPoint has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '860 Patent.

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the '860 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the '860 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that ClientPoint's actions allegedly infringe the '860 Patent, ClientPoint is not liable to Plaintiff for the acts alleged to have been performed before ClientPoint received actual notice that it was allegedly infringing the '860 Patent.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff asserts that ClientPoint indirectly infringes, either by contributory infringement or inducement of infringement, ClientPoint is not liable to Plaintiff for the acts alleged to have been performed before ClientPoint knew that its actions would cause indirect infringement.

**FIFTH AFFIRMATIVE DEFENSE**

The claims of the '860 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by ClientPoint.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the '860 Patent does not claim patent eligible subject matter under 35 U.S.C. § 101.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any system employed by ClientPoint comprises: "at least one digital identification module structured to be associated with at least one entity," "a module generating assembly structured to receive at least one verification data element corresponding to the at least one entity and create said at least one digital identification module," "said at least one digital identification module being disposable within at least one electronic file," and "said at least one digital identification module comprising at least one primary component structured to at least partially associate said digital identification module with said at least one entity, wherein said at least one digital identification module is cooperatively structured to be embedded within only a single electronic file"; as required by Claim 1 of the '860 Patent.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in the asserted patent, from asserting any interpretation of any valid, enforceable claims of the '860 Patent that would be broad enough to cover any accused product alleged to infringe the asserted patent, either literally or by application of the doctrine of equivalents.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. §§ 286 and 287. Plaintiff is further barred under 35 U.S.C. § 288 from recovering costs associated with its action.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is precluded from recovering its reasonable attorney's fees, costs, and or increased damages under 35 U.S.C. §§ 284 or 285.

**TWELFTH AFFIRMATIVE DEFENSE**

Should ClientPoint be found to infringe any valid, enforceable claim of the '860 Patent, such infringement was not willful.

**CLIENTPOINT'S COUNTERCLAIMS**

1. For its counterclaims against Counterclaim Defendant Digital Verification Systems, LLC ("DVS"), Counterclaim Plaintiff ClientPoint, Inc. ("ClientPoint"), alleges as follows:

**PARTIES**

2. Counterclaim Plaintiff ClientPoint is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 6790 Embarcadero Lane, Suite 100, Carlsbad, CA 92011.

3. Upon information and belief based solely on Paragraph 3 of the Complaint as pled by Plaintiff, Counterclaim Defendant Digital Verification Systems, LLC is a limited liability

company organized and existing under the laws of Texas that maintains its principal place of business at 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

## JURISDICTION

4. ClientPoint incorporates by reference Paragraphs 1–3 above.

5. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

6. DVS has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

7. Based solely on DVS's filing of this action, venue is proper for purposes of these counterclaims in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I

## DECLARATION REGARDING NON-INFRINGEMENT OF THE '860 PATENT

8. ClientPoint incorporates by reference Paragraphs 1–7 above.

9. Based on DVS's filing of this action and at least ClientPoint's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether ClientPoint infringes U.S. Patent No. 9,054,860 (the "'860 Patent").

10. ClientPoint does not infringe at least Claim 1 of the '860 Patent because, *inter alia*, Plaintiff has not stated a plausible allegation that any system employed by ClientPoint practices: "sending a request from a requesting positional information device to a server for at least one address stored in at least one sending positional information device, the request including a first identifier of the requesting positional information device"; and "receiving at the requesting positional information device, from the server, a retrieved at least one address to the requesting positional information device wherein the server determines a second identifier for identifying the at least one sending positional information device based on the received first identifier and retrieves the requested at least one address stored in the identified at least one sending positional

information device."

11. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, ClientPoint requests a declaration by the Court that ClientPoint has not infringed and does not infringe any claim of the '860 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II

## DECLARATION REGARDING INVALIDITY

12. ClientPoint incorporates by reference Paragraphs 1–11 above.

13. Based on DVS's filing of this action and at least ClientPoint's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '860 Patent.

14. On information and belief, the claims of the '860 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, and the rules, regulations, and laws pertaining thereto.

15. For example, as explained in ClientPoint's forthcoming Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c), the '860 Patent is invalid for failure to comply with 35 U.S.C. § 101. As explained, the '860 Patent claims nothing more than an abstract idea, and it fails to claim an inventive concept.

16. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, ClientPoint requests a declaration by the Court that the claims of the '860 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, ClientPoint asks this Court to enter judgment in ClientPoint's favor and against DVS by granting the following relief:

a)     a declaration that the '860 Patent is invalid;

b)     a declaration that ClientPoint does not infringe, under any theory, any valid claim of the '860 Patent that may be enforceable;

c)     a declaration that DVS take nothing by its Complaint;

d)     judgment against DVS and in favor of ClientPoint;

e)     dismissal of the Complaint with prejudice;

f)     a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to ClientPoint of its costs and attorneys' fees incurred in this action; and

g)     further relief as the Court may deem just and proper.

## JURY DEMAND

ClientPoint hereby demands trial by jury on all issues.

Dated: November 16, 2021            Respectfully submitted,

FISH & RICHARDSON P.C.

By: /s/ *Rodeen Talebi*
      Rodeen Talebi